```
                                                    USDC SDNY
                                                    DOCUMENT
                                                    ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                        DOC# _____
SOUTHERN DISTRICT OF NEW YORK                       DATE FILED: 10/7/2010
```

------------------------------------x

CAMERON INDUSTRIES, INC.,              :

                          09 Civ. 2522 (RJH)(AJP)

              Plaintiff,    :

      -against-                        :

                         **REPORT AND RECOMMENDATION**

LAROSE, INC.,                          :

              Defendant.    :

------------------------------------x

**ANDREW J. PECK, United States Chief Magistrate Judge:**

**To the Honorable Richard J. Holwell, United States District Judge:**

        On July 30, 2010, Judge Holwell entered a default judgment for plaintiff Cameron Industries, Inc. against defendant Larose, Inc., and referred the matter to me for an inquest as to damages. (Dkt. No. 7: 7/30/10 Default Judgment.) Cameron filed information in support of inquest damages on September 2, 2020 and supplemental information on October 6, 2010. (Dkt. Nos. 12-14.) Although Larose produced information to Cameron in response to post-default discovery requests, Larose has not filed any papers in opposition to the inquest.

        For the reasons set forth below, the Court should enter judgment in favor of Cameron against Larose for $29,541.

## FACTS

Where, as here, "'the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" Chen v. Jenna Lane, Inc., 30 F. Supp. 2d 622, 623 (S.D.N.Y. 1998) (Carter, D.J. & Peck, M.J.) (quoting C. Wright, A. Miller & M. Kane, Federal Practice & Procedure: Civil 3d § 2688 at 58-59 (3d ed. 1998)).

The complaint asserts claims against Larose for copyright infringement of Cameron's copyrighted fabric design. (Dkt. No. 1: Compl.) Specifically, Cameron owns an original work of art, identified as "Design 18158 DO," which it used to create a fabric design known as "Pattern No. 23623." (Compl. ¶¶ 4-6.) Cameron has copyright registration No. VA 1-651-264 for that design (Compl. ¶ 9), but unfortunately Cameron did not obtain it in time to be entitled to statutory damages or attorneys' fees (Dkt. No. 13: Cameron Inquest Br. at 4; Dkt. No. 12: Schlachter 9/2/10 Aff. ¶ 9).

Larose obtained samples of Cameron's Pattern No. 23623 and thereafter reproduced it without permission in garments that Larose manufactured and sold. (Compl. ¶¶ 12-13.) "The design printed on defendant's fabrics is substantially similar, in fact, virtually identical, to plaintiff's copyrighted design." (Compl. ¶ 19.)

Based on post-default discovery from Larose, Cameron has determined that Larose sold 2600 infringing garments (to Burlington, Steinmart, Syms, and Winners) for total revenue of $29,191. (Dkt. No. 14: Schlachter 10/6/10 Supp. Aff. ¶¶ 2, 4 & Ex. A: Invoices.)

3

## ANALYSIS

The Second Circuit has approved the holding of an inquest by affidavit, without an in-person court hearing, "'as long as [the Court has] ensured that there was a basis for the damages specified in the default judgment.'" Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (quoting Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989)).

A copyright plaintiff is entitled to recover, inter alia, the defendant's profits from the infringement. 17 U.S.C. § 504(a)-(b).[1] The plaintiff need only present proof of the infringer's gross revenue from the infringement, and the burden is on the defendant to prove its deductible costs. 17 U.S.C. § 504(b).[2]

Here, Cameron has shown that Larose had gross revenue of $29,191 from sale of the infringing garments. (See page 2 above.) Although Larose responded to post-default discovery, it has not presented this Court with any evidence of its allowable costs; it has not responded to the inquest at all. Accordingly, Cameron should be awarded damages of $29,191. See, e.g., Chloe v. Zarafshan, 06 Civ. 3140, 2009 WL 2956827 at *6 (S.D.N.Y. Sept. 15, 2009) (Holwell, D.J.); Haaretz

---

[1]  Accord, e.g., Yurman Design, Inc. v. Paj, Inc., 262 F.3d 101, 107 (2d Cir. 2001); On Davis v. Gap, Inc., 246 F.3d 152, 159; Hamil America, Inc. v. GFI, 193 F.3d 92, 104 (2d Cir. 1999), cert. denied, 120 S. Ct. 1171 (2000); Rogers v. Koons, 960 F.2d 301, 312 (2d Cir.), cert. denied, 506 U.S. 934, 113 S. Ct. 365 (1992); 6 William F. Patry, Patry on Copyright §§ 22:100, 112 (2009 ed.).

[2]  Accord, e.g., On Davis v. Gap, Inc., 246 F.3d at 159-60; Hamil America, Inc. v. GFI, 193 F.3d at 104; Rogers v. Koons, 960 F.2d at 312; 6 William F. Patry, Patry on Copyright § 22:117 (2009 ed.).

4

Daily Newspapers Ltd. v. Chani, Inc., 98 Civ. 2878, 2000 WL 703785 at *2 (S.D.N.Y. May 31, 2000).

Cameron also is entitled to its costs, in this case the $350 court filing fee.

## CONCLUSION

For the reasons stated above, the Court should enter judgment for Cameron against Larose for $29,541.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Richard J. Holwell, 500 Pearl Street, Room 1950, and to my chambers, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Holwell. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Secretary of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

5

DATED:   New York, New York
         Oct. 7, 2010

Respectfully submitted,

Andrew J. Peck
United States Chief Magistrate Judge

Copies to:   Jed R. Schlacter, Esq.
             Judge Richard J. Holwell

G:\AJP\OPIN\